IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLOS DANIEL QUINTERO LEAL, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-26-259-D |
| WARDEN OF DIAMONDBACK CORRECTIONAL FACILITY, | ) ) ) ) |
| Respondents. | ) ) |

## ORDER

Carlos Daniel Quintero Leal, who is currently detained in the Diamondback Correctional Facility, by the United States Immigration and Customs Enforcement (ICE), is named as Petitioner in this 28 U.S.C. § 2241 habeas corpus action. (ECF No. 1). A layperson named Benesa Valdivia, purports to have filed the petition as Petitioner's wife. (ECF No. 1-4). Chief United States District Judge Timothy D. DeGiusti has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). *See* ECF No. 4.

Because the Petition is not signed by Petitioner, the Petition is deficient, and Petitioner must file an amended petition no later than **March 5, 2026.**

### I.    MR. QUINTERO LEAL HAS NOT SIGNED THE PETITION

Although named as Petitioner, Mr. Quintero Leal[1] has not signed the petition for writ of habeas corpus. *See* ECF No. 1. Habeas Corpus Rule 2(c)(5) provides that "the

---

[1] Attached to the Petition is a document titled "Personal Declaration of Carlos Daniel Quintero Leal." But Mr. Quintero Leal has not signed this document.

petition must . . . be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." And Fed. R. Civ. P. 11(a) requires "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."

## II. MS. VALDIVIA HAS NOT ESTABLISHED NEXT FRIEND STANDING, FILING AS WIFE OF PETITIONER

An "application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Individuals who "appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves" are considered "next friends." *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "A 'next friend' does not h[er]self become a party to the habeas corpus action in which [s]he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id*. at 163. A "next friend" may pursue relief on behalf of a detained person who is unable to seek relief on his own. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). But "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163. This is because the next friend doctrine "was not intended" to be available, "as a matter of course," "[to] intruders or uninvited meddlers, styling themselves next friends." *Id*. at 164 (internal quotation marks omitted). "Indeed, if there were no restriction on 'next friend' standing in federal courts, the litigant asserting only a generalized interest in constitutional

governance could circumvent the jurisdictional limits of Art[icle] III simply by assuming the mantle of 'next friend.'" *Id*.

So, to pursue a case as a next friend, the proposed next friend must show "that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Id*. at 165; *see also Williams*, 1999 WL 34856, at *5 ("A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition."); Rule 2(c)(5), Rules Governing Section 2254 Cases in the United States District Courts, advisory committee note to 2004 amendments ("The Committee envisions that the courts would apply [the] . . . 'next friend' standing analysis [set forth in *Whitmore*] in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner."). The proposed next friend must also demonstrate they are "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and "have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163-64. The burden is on the next friend to "clearly establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164; *see also Jiron v. Swift*, 671 F. App'x 705, 706 (10th Cir. 2016) (denying certificate of appealability and dismissing appeal of "next friend" who failed to satisfy the *Whitmore* factors for next friend standing); *Williams*, 1999 WL 34856, at *5 (holding that "a next friend applicant must explain why the detainee did not sign and verify the petition, and if he cannot do so, the court is without jurisdiction to consider it" (internal quotation marks omitted)).

Ms. Valdivia does not satisfy the *Whitmore* factors. She does assert a "significant relationship" with Mr. Quintera Leal, indicating she is his wife, that they share one child and are expecting another. Ms. Valdivia states she is submitting the information regarding her husband and that Mr. Quintera Leal's current incarceration is "making legal and family communication extremely difficult." *See* ECF No. 1:1-3. However, these declarations alone do not demonstrate that Petitioner is unable to litigate his own case due to mental incapacity or lack of access to the courts. Petitioner's status as a detainee fails to sufficiently demonstrate that Petitioner was unable to file his petition justifying the need for a next friend. *See, e.g., Jiron,* 671 F. App'x at 706 (rejecting father's attempt to act as next friend when he failed to show how his daughter's incarceration and failure to receive certain documents from the district court "interfered with her ability to communicate with the district court"). Finally, Ms. Valdivia does not assert that Mr. Quintera Leal has authorized her to sign, verify, and mail the Petition on his behalf. *See* ECF No. 1. If fact, she declares that the information "presented is true to the best of my knowledge and direct experiences as the wife of Carlos Daniel Quintero Leal." *See id* at 4. Accordingly, without proof of Petitioner's authorization and his inability to act on his own behalf, the Court will not recognize Ms. Valdivia as Petitioner's "next friend." *Williams*, 166 F.3d 1223, at *5.

Further, even if Ms. Valdivia were to be appointed as Petitioner's next friend, she could not represent Mr. Quintero Leal or sign filings on his behalf but would have to employ counsel to do so. *See Sutton v. Doe 1*, 736 F. App'x 212, 213 (10th Cir. 2018) ("However, pro se litigants, as [Plaintiff] is in this case, may not bring 'next friend' suits."

(citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986))); *see also Franklin v. Dep't of Homeland Sec.,* No. 19-CV-00314, 2019 WL 2183411, at *2 (D. Colo. May 20, 2019) (R&R) (applying the *Meeker* rule to a § 2241 habeas proceeding).

### III.  MS. VALDIVIA IS NOT AN ATTORNEY

Ms. Valdivia prepared the Petition and is attempting to pursue this case on Mr. Quintera Leal's behalf. (ECF No. 1). But Ms. Valdiva is not an attorney and so she cannot represent Mr. Quintera Leal or file documents on his behalf. *See, e.g.*, *Williams*, 1999 WL 34856, at *5 ("Since Mr. Shaffer does not qualify as a 'next friend,' as a lay person he may not participate in the unauthorized practice of law by filing petitions and briefs on behalf of another in violation of state and federal provisions governing the practice of law."). The Court may also dismiss the petition on this basis. *See id*. (holding the petitioner was "not entitled to have an unlicensed lay person 'represent' him in . . . the district court").

### IV.  FILING FEE

In order for this action to proceed, Petitioner must either pay the $5.00 filing fee or be granted leave to proceed without prepayment of fees. 28 U.S.C. §§1914; 1915; LCvR3.2. Petitioner has neither paid the filing fee in accordance with §1914 and LCvR3.2 nor submitted a motion for leave to proceed in forma pauperis which conforms to the statutory requirements of 28 U.S.C. § 1915(a)(2) and includes a certificate executed by an authorized officer of the appropriate penal institution stating (1) the amount of money or securities currently on deposit to the prisoner's credit in any institutional account; (2) the average monthly deposits to the prisoner's account for the 6-month period

immediately preceding the filing of the action; and (3) petitioner shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

## V.     CONCLUSION

Mr. Quintera Leal did not sign the Petition and Ms. Valdivia has not shown she was authorized to sign the Petition on Mr. Quintera Leal's behalf or that she is an attorney representing Mr. Quintera Leal. As a result, Mr. Quintera Leal must file an amended petition signed either (1) by a licensed attorney or, (2) should he wish to proceed *pro se*, by himself personally. Any amended petition must be filed not later than **March 5, 2026.** Mr. Quintera Leal must also pay the $5.00 filing fee or submit a motion for leave to proceed in forma pauperis which conforms to the statutory requirements of 28 U.S.C. § 1915(a)(2) on or before **March 5, 2026.**

Failure to comply with this Order may result in the dismissal of this action without prejudice to re-filing.

IT IS SO ORDERED on February 20, 2026.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE